**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DJ DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> RUBIE'S COSTUME COMPANY, INC., <br><br> Defendant. | Civil Action No. <br><br> COMPLAINT FOR DECLARATORY JUDGMENT <br><br> ECF CASE |

Plaintiff, DJ Direct, Inc. ("Plaintiff" or "DJ Direct") by and through its undersigned attorneys, for its Complaint against Defendant Rubie's Costume Company, Inc. (hereinafter "Rubie's" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment which arises from the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* and the Lanham Act, 15 U.S.C. § 1051, *et seq.* By this action, DJ Direct seeks a declaration that it has not infringed upon the copyright rights or trademark rights of Rubie's, as set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under and the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) because Rubie's resides in this District.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim in this Complaint occurred in this District.

## THE PARTIES

6. DJ Direct is a corporation organized and existing under the laws of the State of New York, with a place of business located at 1242 47th Street, Brooklyn, New York 11219.

7. DJ Direct conducts its business in the consumer goods sector. In particular, DJ Direct advertises, markets, promotes, offers for sale and sells consumer goods which are sold to the public primarily through e-commerce channels, such as Amazon.com.

8. Upon information and belief, Rubie's is a corporation organized and existing under the laws of the State of New York.

9. Upon information and belief, Rubie's is in the business of advertising, marketing, promoting, offering for sale and selling costumes and accessories to customers in New York.

10. Rubie's headquarters is located at 1770 Walt Whitman Road in Melville, New York 11747. Rubie's also has flagship stores located at 601 Cantiague Rock Road in Westbury, New York 11590 and at 540 Broadhollow Road, Melville, New York 11747.

11. Since DJ Direct and Rubie's regularly transact business in the state of New York and within this judicial district, jurisdiction in the Eastern District of New York is appropriate for adjudication of the claim(s) brought herein.

## FACTUAL BACKGROUND

12. Over the past several years, DJ Direct has built a successful business by advertising, marketing, promoting, offering for sale and selling many different types of authentic

consumer products on online retail websites, such as Amazon.com.

13. In the course of its business dealings, DJ Direct has developed a relationship with Rubie's from which it has purchased authentic Rubie's costumes, which it then advertised, marketed, promoted, offered for sale and sold to retail consumers the retail website, Amazon.com.

14. DJ Direct has purchased a particular costume from Rubie's in the form of a tyrannosaurus rex dinosaur (hereinafter "the Inflatable T-Rex Costume").

15. Rubie's is the purported owner of copyrights in artwork and designs that are incorporated into and embodied in the Inflatable T-Rex Costume that it advertises and markets to the public.

16. Upon information and belief, Rubie's received a copyright registration from the United States Copyright Office, Registration No. VA 2-108-559, that is directed to the copyright rights in the Inflatable T-Rex Costume.

17. Upon information and belief, Registration No. VA 2-108-559 is entitled "T-REX COSTUME."

18. Upon information and belief, Registration No. VA 2-108-559 pertains to 2-D artwork and a 3-D design in the Inflatable T-Rex Costume.

19. Upon information and belief, the effective date of Registration No. VA 2-108-559 is July 31, 2015.

20. Upon information and belief, Rubie's is the owner of record of two U.S. trademark registrations (collectively "Rubie's Trademarks") that are registered by the United States Patent and Trademark Office.

21. Upon information and belief, Rubie's is the owner of record of U.S. Trademark Registration No. 4,316,256 for the mark  for use with "Halloween costumes and masks sold therewith; Masquerade costumes and masks sold therewith."

22. Upon information and belief, Rubie's is also the owner of record of U.S. Trademark Registration No. 3,028,007 for the mark RUBIE'S for use with "Adult and children, Halloween, masquerade and theatrical costumes."

23. In a letter dated October 16, 2018, counsel for Rubie's asserted Rubie's copyright rights and trademark rights against DJ Direct (hereinafter "Rubie's Letter") based on DJ Direct's alleged advertising, offer for sale and sale of an infringing Inflatable T-Rex Costume sourced from China.

24. In particular, Rubie's Letter asserts that "Rubie's is the sole owner of the copyright in these original creations, and has registered its copyright with the United States Copyright Office (Registration Number VA 2-108-559)."

25. Rubie's Letter also asserts that "Rubies markets [the Inflatable T-Rex Costume] under the Rubie's name, and uses two Rubie's trademarks to do so. Those trademarks are registered with the United States Patent and Trademark Office (Registration Numbers 4,316,256 and 3,028,007)."

26. The letter further asserts that DJ Direct is "civilly liable for copyright infringement and trademark infringement" based on DJ Direct's activities, including its sourcing, advertising, solicitation and distribution of allegedly infringing costumes from China.

27. Upon information and belief, Rubie's objects to the advertising, offers for sale, sales and distribution activities of DJ Direct in connection with the allegedly infringing Inflatable T-Rex Costume.

28. Upon information and belief, Rubie's objects to the current and past advertising activities of DJ Direct in connection with the allegedly infringing Inflatable T-Rex Costume that incorporates Rubie's copyright rights and/or trademarks.

29. In Rubie's Letter, Rubie's demanded that, in order to avoid litigation, DJ Direct enter into an "[a]greement not to infringe[] Rubie's intellectual property rights in the future."

30. The Rubie's Letter states that "Rubie's expects to be awarded millions of dollars in damages" if the case were to be litigated. The Rubie's Letter concludes with a demand for a significant payment totaling several hundreds of thousands of dollars.

31. Notwithstanding the allegations of infringement set forth in Rubie's Letter, DJ Direct's products which are advertised, marketed, promoted, offered for sale and sold are authentic and do not infringe Rubie's copyright rights or trademark rights.

32. DJ Direct's products which are advertised, marketed, offered for sale and sold to the retail public do not infringe Rubie's rights because they were purchased directly from Rubie's, and/or were, upon information and belief, manufactured by an authorized Rubie's manufacturer who was authorized to manufacture Inflatable T-Rex Costumes on behalf of Rubie's.

33. To date, no documentary evidence has been provided by Rubie's to DJ Direct which demonstrates that the allegedly infringing Inflatable T-Rex Costume was not manufactured by Rubie's authorized manufacturer in China.

34. Since receiving the Rubie's Letter, the parties have attempted to reach an amicable resolution with respect to the claims asserted by Rubie's. However, the parties have not been able to do so to date.

35. By virtue of the foregoing, DJ Direct is compelled to seek a declaration from this

Court that it does not infringe Rubie's copyright rights and/or trademark rights and/or that Rubie's asserted rights are invalid and/or unenforceable.

## COUNT I
## DECLARATION OF INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT UNDER THE COPYRIGHT ACT

36. Plaintiff repeats and realleges the allegations set forth above paragraphs 1 through 35 as though fully set forth herein.

37. An actual controversy has arisen and now exists between DJ Direct and Rubie's concerning whether DJ Direct has infringed Rubie's copyright rights.

38. DJ Direct has advertised, marketed, offered for sale, and sold Inflatable T-Rex Costumes alleged by Rubie's to have infringed its copyright rights.

39. Upon information and belief, Rubie's believes and maintains that DJ Direct's activities with respect to its advertising, marketing, offer for sale, and sales of allegedly infringing Inflatable T-Rex Costumes infringe upon Rubie's copyright rights.

40. In contrast, DJ Direct believes and alleges that its products, advertisements, and marketing and promotional materials do not infringe upon any valid copyright rights of Rubie's.

41. DJ Direct alleges that Rubie's purported copyright rights are invalid and/or unenforceable.

42. DJ Direct alleges that Rubie's purported copyright rights are exceedingly narrow in scope such that DJ Direct's sales, advertisements, and marketing activities do not constitute an infringement of Rubie's purported copyright rights.

43. By virtue of the foregoing, DJ Direct desires a judicial determination of the parties' rights and duties with respect to the copyright rights asserted by Rubie's.

44. A judicial declaration is necessary and appropriate at this time so that the parties

may proceed in accordance with their respective rights as determined by the Court.

## COUNT II
## DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT UNDER THE LANHAM ACT

45. Plaintiff repeats and realleges the allegations set forth above paragraphs 1 through 44 as though fully set forth herein.

46. An actual controversy has arisen and now exists between DJ Direct and Rubie's concerning whether DJ Direct has infringed Rubie's trademark rights.

47. DJ Direct has advertised, marketed, offered for sale, and sold Inflatable T-Rex Costumes alleged by Rubie's to have infringed its trademarks rights.

48. Upon information and belief, Rubie's believes and maintains that DJ Direct's activities with respect to its advertising, marketing, offer for sale, and sales of allegedly counterfeit Inflatable T-Rex Costumes infringe upon Rubie's trademark rights.

49. In contrast, DJ Direct believes and alleges that its products, advertisements, and marketing and promotional materials do not infringe upon any valid trademark rights of Rubie's, and that it has not committed any acts of counterfeiting under the Lanham Act.

50. DJ Direct alleges that Rubie's purported trademark rights are invalid and/or unenforceable.

51. By virtue of the foregoing, DJ Direct desires a judicial determination of the parties' rights and duties with respect to the trademark rights asserted by Rubie's.

52. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE,** DJ Direct prays for judgment against Rubie's follows:

A. For judgment declaring that Defendant's copyright rights are invalid, void, unenforceable and/or not infringed by Plaintiff;

B. For judgment declaring that Defendant's trademark rights are invalid, void, unenforceable and/or not infringed by Plaintiff;

C. Awarding Plaintiff costs, expenses and reasonable attorneys' fees as permitted by law; and,

D. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                              **STERN & SCHURIN LLP**

                              By: /s/ Steven Stern
                              Steven Stern (SS 5203)
                                  sstern@sternschurin.com
                              Richard Schurin (RS 0199)
                                  rschurin@sternschurin.com
                              *Attorneys for Plaintiff*
                              *DJ Direct, Inc.*
                              595 Stewart Avenue
                              Suite 510
                              Garden City, New York 11530
                              Telephone: (516) 248-0300
                              Facsimile: (516) 283-0277

Dated: December 27, 2018
       Garden City, New York