UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

DJ DIRECT, INC.

    Plaintiff,

-against-

RUBIE'S COSTUME COMPANY, INC.,

    Defendant and Counterclaimant

RUBIE'S COSTUME COMPANY, INC.,

    Counterclaim-Plaintiff

-against-

BULL IMPORTS, LLC, JOEL JACOBOWITZ
and YOEL FRIEDMAN,

    Additional Counterclaim Defendants.
_____

Civil Action No.: 1:18-cv-07445-BMC

**ANSWER TO ADDITIONAL COUNTERCLAIM AGAINST DJ DIRECT INC. And COUNTERCLAIM AGAINST PLAINTIFF DJ DIRECT, INC. AND ADDITIONAL COUNTERCLAIM DEFENDANT, JOEL JACOBOWITZ**

Additional Counterclaim Defendant, YOEL FRIEDMAN by his attorney AVROM R. VANN, P.C. as and for his Answer to Rubie's Costume Company, Inc.'s Answer and Counterclaims against Plaintiff, DJ Direct, Inc. and additional Counterclaim Defendant, Joel Jacobowitz, states:

1.    Refrains from responding to Paragraphs Numbers 1 through 65, inclusive, of Rubie's Costume Company, Inc.'s Answer and Counterclaims (hereinafter the "Counterclaims") on the grounds that none of those Paragraphs form part of the Counterclaims and do not require a response from Friedman.

1

2. Denies having knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraphs 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78 and 79 of the Counterclaims.

3. Admits the allegations of Paragraphs 80 and 81 of the Counterclaims.

4. Denies the allegations of Paragraph 82 of the Counterclaims.

5. Denies having knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 83 of the Counterclaims.

6. Admits the allegations of Paragraphs 84 and 85 of the Counterclaims.

7. Denies having knowledge or information sufficient to form a belief with respect to the allegations of Paragraphs 86, 87 and 88 of the Counterclaims.

8. Admits the allegations of Paragraph 89 of the Counterclaims.

9. Denies having knowledge or information sufficient to form a belief with respect to the allegations of Paragraphs 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135 and 136 of the Counterclaims.

10. Admits the allegations of Paragraphs 138, 139, 140, 141, 142, 143, 144, 146, 147, 148 and 149, and expressly states that each of the aforesaid acts taken by Friedman were taken by him at the specific instruction, request, direction and acquiescence of Joel Jacobowitz, acting on behalf of DJ Direct.

11. Denies the allegations of Paragraph 145 of the Counterclaims except admits that Friedman stated but did not represent to Rubie's that DJ intended to sell Rubie's Inflatable T-Rex costumes purchased from Rubie's through DJ Direct's various e-commerce channels, which included Homegoods Shop and Wholesale Home Improvement.

12. Denies having knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraphs 150, 151,152 and 153 of the Counterclaims.

13. Denies having knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 154 of the Counterclaims.

14. Admits the allegations of Paragraph 155 of the Counterclaims.

15. Denies having knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 156 of the Counterclaims.

16. Admits the allegations of Paragraph 157 of the Counterclaims.

17. Denies having knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraphs 158, 159 and 160 of the Counterclaims.

18. Admits the allegations of Paragraphs 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172 and 173 of the Counterclaims.

19. Denies having knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 174 and 175 of the Counterclaims.

20. Admits the allegations of 176, 177, 178, 179, 180, 181 and 182 of the Counterclaims.

21. Denies having knowledge or information sufficient to form a belief with respect to the allegations of Paragraphs 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200 and 201 of the Counterclaims.

22. Admits the allegations of Paragraph 202 of the Counterclaims.

23. Repeats and realleges each of the responses to the foregoing allegations of the Counterclaims as though fully set forth at length herein.

24. Denies having knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraphs 204, 205, 206, 207, 208, 209, 210, 211, 212,

213, 214 and 215 of the Counterclaims.

25. Denies the allegations of Paragraphs 216, 217, 218, 219, 220 and 221 of the Counterclaims.

26. Denies having knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraphs 222, 223, 224, 225, 226, 227 and 228 of the Counterclaims.

27. Denies the allegations of Paragraphs 229, 230, 231 and 232, of the Counterclaims.

28. Denies having knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraphs 233, 234 and 235 of the Counterclaims.

29. Denies the allegations of Paragraphs 236 and 237 of the Counterclaims.

30. Denies the knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraphs 238, 239, 240, 241, 242, 243 and 244 of the Counterclaims.

31. Denies the allegations of Paragraphs 245 and 246 of the Counterclaims.

32. Denies having knowledge or information sufficient to form a belief with

respect to the allegations set forth in Paragraph 247 of the Counterclaims.

33. Denies the allegations of Paragraphs 248, 249 and 250 of the Counterclaims.

34. Denies having knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraphs 251, 252, 253, 254 and 255 of the Counterclaims.

35. Denies the allegations of Paragraph 256 of the Counterclaims.

## **SEPARATE AFFIRMATIVE DEFENSES**

### FIRST SEPARATE DEFENSE

36. Counterclaimant, Rubie's Costume Company, Inc. has failed to set forth a claim upon which relief can be granted and Additional Counterclaim Defendant, Yoel Friedman, reserve the right to move at or before trial for dismissal of the Counterclaims.

### SECOND SEPARATE DEFENSE

37. Applicable laws, rules statutes or regulations including, but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, were not complied with by the Counterclaimant, Rubie's Costume Company, Inc. and accordingly, Counterclaimant, Rubie's Costume Company, Inc.'s claims are barred as a matter of law.

## THIRD SEPARATE DEFENSE

38. Counterclaimant, Rubie's Costume Company, Inc.'s causes of action are barred by virtue of its failure to have initiated and/or exhausted its administrative remedies.

## FOURTH SEPARATE DEFENSE

39. Counterclaimant, Rubie's Costume Company, Inc. is barred from recovery by the doctrine of waiver.

## FIFTH SEPARATE DEFENSE

40. Counterclaimant, Rubie's Costume Company, Inc. is barred from recovery by the doctrine of laches.

## SIXTH SEPARATE DEFENSE

41. Counterclaimant, Rubie's Costume Company, Inc. is barred from recovery by the doctrine of estoppel.

## SEVENTH SEPARATE DEFENSE

42. Counterclaimant, Rubie's Costume Company, Inc. is barred from recovery by the doctrine of unclean hands.

## EIGHTH SEPARATE DEFENSE

43. Upon information and belief, Counterclaimant, Rubie's Costume Company, Inc. lacks standing to assert all or some of the claims as set forth in the Complaint.

## NINTH SEPARATE DEFENSE

44. Any loss injuries or damages sustained by Counterclaimant, Rubie's Costume Company, Inc. are due to its own negligence and/or willful acts.

## TENTH SEPARATE DEFENSE

45. Any losses suffered by Counterclaimant, Rubie's Costume Company, Inc. were not caused by the acts, omissions or admissions of the Additional Counterclaim Defendant, Yoel Friedman.

## ELEVENTH SEPARATE DEFENSE

46. Additional Counterclaim Defendant, Yoel Friedman, violated no duty owing to the Counterclaimant, Rubie's Costume Company, Inc. at the times and places alleged in the Complaint.

## TWELFTH SEPARATE DEFENSE

47. At all relevant times, Additional Counterclaim Defendant, Yoel Friedman, complied with all applicable laws, regulations and standards.

## THIRTEENTH SEPARATE DEFENSE

48. Counterclaimant, Rubie's Costume Company, Inc.'s wrongful conduct bars its claim for relief against Additional Counterclaim Defendant, Yoel Friedman,.

## FOURTEENTH SEPARATE DEFENSE

**AS AND FOR A FIRST COUNTERCLAIM AND/OR A CROSS CLAIM AGAINST PLAINTIFF, DJ DIRECT INC.
AND THE ADDITIONAL COUNTERCLAIM DEFENDANT JOEL JACOBOWITZ**
(Contribution)

49. At all times hereinafter mentioned, Yoel Friedman was an employee of Plaintiff, DJ Direct, Inc. ("DJ Direct").

50. At all times hereinafter mentioned, Yoel Friedman was a common law employee of DJ Direct.

51. At all times hereinafter mentioned, Yoel Friedman, in his capacity as an employee of DJ Direct, reported to and took orders and instructions from additional Counterclaim Defendant, Joel Jacobowitz.

52. At all times hereinafter mentioned, the said Joel Jacobowitz was an officer, director, and/or owner of DJ Direct with full authority to instruct Yoel Friedman as to the performance of his duties and responsibilities on behalf of DJ Direct.

53. At all times hereinafter mentioned, the said Joel Jacobowitz was an officer, director, and/or owner of DJ Direct with full authority on behalf of DJ Direct to instruct Yoel Friedman as to the performance of his duties and responsibilities on behalf of DJ Direct.

54. In his capacity as an employee of DJ Direct, Yoel Friedman implemented the directions given to him by Joel Jacobowitz with respect to the relationship between DJ Direct and Van Wencen ("Wencen") as alleged in Paragraphs 137 through 153, inclusive, of the Answer and Counterclaim of Rubie's Costume Company Inc. ("Rubie's").

55. Any liability which Yoel Friedman may be found to have to Rubie's will result from one or more causes of action asserted by Rubie's in this lawsuit which are based in contract.

56. Any liability which Yoel Friedman may be found to have to Rubie's will result from one or more causes of action asserted by Rubie's in this lawsuit which are based in tort.

57. In the event that Yoel Friedman is found to have any liability to Rubie's then, in such event, Yoel Friedman may or will be required to make payment to Rubie's of an amount of money in excess of his proper share.

58. Yoel Friedman is entitled to be full contribution for any payments made by him in excess of his share from DJ Direct and Joel Jacobowitz, jointly and severally, for any and all amounts for which Yoel Friedman may be found liable to Rubie's in excess of Yoel Friedman's share.

59. Alternatively, in the event that Yoel Friedman is found liable to Rubie's Inc. for any amounts alleged to be due and owing from Yoel Friedman to the said Rubie's, then Yoel Friedman is entitled to recover those amounts in contribution from DJ Direct and Joel Jacobowitz.

60. The liability of DJ Direct Inc. and/or Joel Jacobowitz to Yoel Friedman should be found to be a Joint and Several liability.

61. Yoel Friedman has no adequate remedy at law.

## AS AND FOR A SECOND COUNTERCLAIM AND OR A CROSS-CLAIM AGAINST PLAINTIFF, DJ DIRECT INC. AND THE ADDITIONAL COUNTERCLAIM DEFENDANT JOEL JACOBOWITZ
(Indemnification)

62. Yoel Friedman repeats and realleges each of the allegations set forth in Paragraphs "49" to "61" of this Answer and Counterclaims with the same force and effect as if repeated herein.

63. In his capacity as an employee, agent or representative of DJ Direct, and by virtue of the fact that Yoel Friedman followed the orders and directives given to him by Joel Jacobowitz. Yoel Friedman is entitled to indemnification from DJ Direct and/or Joel Jacobowitz.

64. At all times herein stated Yoel Friedman in good faith followed the orders and directions given to him by Joel Jacobowitz.

65. At all times herein stated Yoel Friedman in good faith followed the orders and directions given to him by or on behalf of DJ Direct.

66. Yoel Friedman is entitled to have Joel Jacobowitz and DJ Direct, jointly and severally indemnify and hold Yoel Friedman harmless from any and all damages which he may suffer or sustain as a consequence of his performance of the duties and responsibilities for and on behalf of DJ Direct and Joel Jacobowitz.

67. Yoel Friedman is entitled to have Joel Jacobowitz and DJ Direct jointly and severally indemnify and hold Yoel Friedman harmless from any and all damages which he may suffer or sustain as a consequence of his performance of the duties and responsibilities for and on behalf of DJ Direct or Joel Jacobowitz.

**AS AND FOR A THIRD COUNTERCLAIM AND/OR A CROSS-CLAIM AGAINST PLAINTIFF, DJ DIRECT INC. AND THE ADDITIONAL COUNTERCLAIM DEFENDANT JOEL JACOBOWITZ**
(Attorney's Fees and Expenses)

68. Yoel Friedman repeats and realleges each of the allegations set forth in Paragraphs "49" to "67" of this Answer and Counterclaims with the same force and effect as if repeated herein.

69. In his capacity as an employee of DJ Direct and/or Joel Jacobowitz, DJ Direct is obligated to pay all of the legal fees and expenses incurred by Yoel Friedman in the defense of the Counterclaims interposed herein against him.

70. In his capacity as an employee of DJ Direct and/or Joel Jacobowitz, Joel Jacobowitz is obligated to pay all of the legal fees and expenses incurred by Yoel Friedman in the defense of the Counterclaims interposed herein against him.

71. Yoel Friedman is entitled to a money judgment against DJ Direct and Joel Jacobowitz, jointly and severally for such amount as shall be proved upon the trial of this action.

WHEREFORE, Yoel Friedman demands Judgment as follows:

1. Dismissing the Counterclaims against him with prejudice.

2. On the First Counterclaim and/or Cross Claim in the event that Yoel Friedman is found liable to Rubie's Inc. for any amounts alleged to be due and owing from Yoel Friedman to Rubie's, then a money judgment in favor of Yoel Friedman and against DJ Direct and Joel Jacobowitz, jointly and severally, for the identical amount of any judgment entered in this case in favor of Rubie's and against Yoel Friedman.

3. On the Second Counterclaim and or Cross-Claim in the event that Yoel Friedman is found liable to Rubie's Inc. for any amounts alleged to be due and owing from Yoel Friedman to Rubie's, then a money judgment in favor of Yoel Friedman and against DJ Direct and Joel Jacobowitz, jointly and severally, for the identical amount of any judgment entered in this case in favor of Rubie's and against Yoel Friedman.

4. On the Third Counterclaim and/or Cross Claim a money judgment against DJ Direct and Joel Jacobowitz, jointly and severally for such amount as shall be proved upon the trial of this action.

5. For the costs and disbursements of this action.

6. And such other and further relief as this Court may deem just and equitable in favor of Yoel Friedman.

Dated: New York, New York
April 17, 2019

        AVROM R. VANN, P.C.
        Attorneys for Additional Counterclaim Defendant
          YOEL FRIEDMAN

        S/ Avrom R. Vann

By:_____
    Avrom R. Vann, Esquire [arv6576]
Office and Post Office Address
1211 Avenue of the Americas-40th Floor
New York, New York 100036-8718
(212) 382-1700

TO: MEYER SUOZZI, ENGLISH & KLEIN, P.C.
     Attorneys for Rubie's Costume Company, Inc.
     990 Steward Avenue, Suite 300
     P.O. Box 9194
     Garden City, New York 11530.

     STERN & SCHURIN LLP
     595 Stewart Avenue-Suite 510
     Garden City, New York 11530

        Both VIA ECF

J:\FRIEDMAN, YOEL\RUBIE'S COSTUME COMPANY\Answer to Additional Counterclaim against DJ Direct 2019-04-03.wpd