UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DJ DIRECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> RUBIE'S COSTUME COMPANY, INC., <br><br> Defendant and Counterclaimant. | Civil Action No. 18-cv-07445-BMC <br><br> DJ DIRECT, INC. AND JOEL JACOBOWITZ'S ANSWER TO CROSSCLAIMS AND AFFIRMATIVE DEFENSES <br><br> ECF CASE |
| RUBIE'S COSTUME COMPANY, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> BULL IMPORTS, LLC, JOEL JACOBOWITZ, YOEL FRIEDMAN, and JOHN DOES 1-10, <br><br> Additional Counterclaim-Defendants. | |

Plaintiff, DJ Direct, Inc. ("DJ Direct" or "Plaintiff") and Joel Jacobowitz ("Jacobowitz") (hereinafter collectively "Crossclaim Defendants"), by and through their undersigned attorneys, STERN & SCHURIN LLP, hereby submit their Answer to Yoel Friedman's (hereinafter "Counterclaim-Defendant" or "Friedman") Answer to Additional Counterclaim Against DJ Direct Inc. And Counterclaim Against Plaintiff DJ Direct Inc. And Additional Counterclaim Defendant Joel Jacobowitz (hereinafter "Friedman's Crossclaims") as follows:

1. Since the allegations set forth in Paragraphs 1 through 48 of Friedman's Crossclaims do not assert any allegations which require a response, DJ Direct and Jacobowitz do

not respond to any allegations set forth in these paragraphs. However, to the extent that a response is required, DJ Direct and Jacobowitz deny all allegations set forth in Paragraphs 1 through 48 of Friedman's Crossclaims.

2. Crossclaim Defendants deny the allegations of Paragraph 49 of Friedman's Crossclaims.

3. Crossclaim Defendants deny the allegations of Paragraph 50 of Friedman's Crossclaims.

4. Crossclaim Defendants deny the allegations of Paragraph 51 of Friedman's Crossclaims.

5. Crossclaim Defendants deny the allegations of Paragraph 52 of Friedman's Crossclaims, except admits that Jacobowitz is a director and shareholder of DJ Direct.

6. Crossclaim Defendants deny the allegations of Paragraph 53 of Friedman's Crossclaims.

7. Crossclaim Defendants deny the allegations of Paragraph 54 of Friedman's Crossclaims.

8. Crossclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of Friedman's Crossclaims and, therefore, deny the same.

9. Crossclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of Friedman's Crossclaims and, therefore, deny the same.

10. Crossclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of Friedman's Crossclaims and, therefore, deny the same.

11. Crossclaim Defendants deny the allegations of Paragraph 58 of Friedman's Crossclaims.

12. Crossclaim Defendants deny the allegations of Paragraph 59 of Friedman's Crossclaims.

13. Crossclaim Defendants deny the allegations of Paragraph 60 of Friedman's Crossclaims.

14. Crossclaim Defendants deny the allegations of Paragraph 61 of Friedman's Crossclaims.

15. In response to the allegations in Paragraph 62 of Friedman's Crossclaims, Crossclaim Defendants repeats their responses to the preceding paragraphs in Friedman's Crossclaims (i.e., Paragraphs 49 to 61) as if fully set forth herein.

16. Crossclaim Defendants deny the allegations of Paragraph 63 of Friedman's Crossclaims.

17. Crossclaim Defendants deny the allegations of Paragraph 64 of Friedman's Crossclaims.

18. Crossclaim Defendants deny the allegations of Paragraph 65 of Friedman's Crossclaims.

19. Crossclaim Defendants deny the allegations of Paragraph 66 of Friedman's Crossclaims.

20. Crossclaim Defendants deny the allegations of Paragraph 67 of Friedman's Crossclaims.

21. In response to the allegations in Paragraph 68 of Friedman's Crossclaims, Crossclaim Defendants repeats their responses to the preceding paragraphs in Friedman's Crossclaims (i.e., Paragraphs 49 to 67) as if fully set forth herein.

22. Crossclaim Defendants deny the allegations of Paragraph 69 of Friedman's Crossclaims.

23. Crossclaim Defendants deny the allegations of Paragraph 70 of Friedman's Crossclaims.

24. Crossclaim Defendants deny the allegations of Paragraph 71 of Friedman's Crossclaims.

25. As the Prayer for Relief, Crossclaim Defendants deny that Defendant is entitled to any relief requested therein, and accordingly deny the same.

## AFFIRMATIVE DEFENSES

By and for their affirmative defenses, Crossclaim Defendants state as follows:

**Affirmative Defense No. 1.** Friedman's Crossclaims fail to allege facts sufficient to state a claim upon which relief can be granted, including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**Affirmative Defense No. 2.** Friedman's Crossclaims are barred, in whole or in part, by reason of his own wrongful acts as alleged in Rubie's Costume Company, Inc.'s Answer and Counterclaims, and elsewhere in this case, and therefore he would not be entitled to any of the relief sought from Crossclaim Defendants by reason thereof.

**Affirmative Defense No. 3.**  Friedman's Crossclaims are barred, in whole or in part, because Friedman was not an employee of DJ Direct.  Friedman is the owner of a company called Art Chocolatier, Inc., which is a New York corporation having an address at 23 Lorimer Street, Brooklyn, New York 11206.  Art Chocolatier was paid by DJ Direct for sourcing products that DJ Direct would purchase and then advertise online and sell to its retail customers.  The payments that Art Chocolatier received from DJ Direct were based on the deals for products that Friedman found and brought to DJ Direct.  Friedman selected all of the products by himself that he offered to DJ Direct.   Friedman found deals for several dozens of different types of products, from the costumes at issue in this case to ASIC miners used for mining cryptocurrency.  The products that Friedman selected were those which he thought would be profitable for DJ Direct to advertise and sell to its customers on retail websites, such as Amazon.com, and DJ Direct's website, [www.wholesalehome.com](www.wholesalehome.com).

**Affirmative Defense No. 4.**   Friedman's Crossclaims are barred, in whole or in part, because no one at DJ Direct was involved in the particulars of selecting, coordinating and sourcing the products that Friedman brought to DJ Direct.

**Affirmative Defense No. 5.**  Friedman's Crossclaims are barred, in whole or in part, on the grounds that Friedman was never given direction by Crossclaims Defendants to infringe upon Rubie's intellectual property rights.

**Affirmative Defense No. 6.**  Friedman's Crossclaims are barred, in whole or in part, by the doctrine(s) of unclean hands, acquiescence, estoppel, laches and/or waiver.

**Affirmative Defense No. 7.**  Friedman's Crossclaims are barred, in whole or in part, since he failed to meet his obligations, warranties and representations to DJ Direct, express and/or implied, including without limitation, the warranties set forth in U.C.C. §2-312.

**Affirmative Defense No. 8.** Friedman's Crossclaims are barred, in whole or in part, for failure to pursue or make a claim in connection with DJ Direct's insurance policy for defense and/or indemnification. Upon information and belief, Friedman may be covered under Liberty Mutual Insurance Policy No. BZS 57 79 82 41.

**Affirmative Defense No. 9.** Friedman's Crossclaims are barred, in whole or in part, because Jacobowitz was acting in his representative capacity of DJ Direct, and not individually. Thus, Jacobowitz is not personally liable to Friedman, and Friedman's Crossclaims must be dismissed as to Jacobowitz.

**Affirmative Defense No. 10.** Friedman's Crossclaims are barred, in whole or in part, because of his failure to mitigate damages, if such damages exist.

**Affirmative Defense No. 11.** Friedman fails to state facts sufficient to permit recovery of attorneys' fees and/or costs.

**Affirmative Defense No. 12.** Crossclaim Defendants reserve the right to amend the Affirmative Defenses as additional information becomes available during the course of discovery or otherwise. All possible affirmative defenses may not have been alleged here insofar as sufficient facts were not available, after reasonable inquiry, upon the filing of the Answer to the Crossclaims and Affirmative Defenses. As such, Crossclaim Defendants may later amend this Answer to raise additional affirmative defenses, if warranted by subsequent investigation. By providing this Answer, Crossclaim Defendants do not waive or relinquish any present or potential affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Crossclaim Defendants pray for judgment as follows:

1. That the Crossclaims be dismissed with prejudice;

2. That judgment be entered in favor of Crossclaim Defendants and against Friedman;

3. That DJ Direct be awarded its cost of suit and reasonable attorneys' fees incurred herein; and,

4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**STERN & SCHURIN LLP**

By: _____
Steven Stern (SS 5203)
   sstern@sternschurin.com
Richard Schurin (RS 0199)
   rschurin@sternschurin.com
*Attorneys for Crossclaim Defendants*
*DJ Direct Inc. and Joel Jacobowitz*
595 Stewart Avenue
Suite 510
Garden City, New York 11530
Tel: (516) 248-0300
Fax: (516) 283-0277

Dated: May 22, 2019
   Garden City, New York