# AVROM R. VANN, P.C.
ATTORNEY-AT-LAW
1211 AVENUE OF THE AMERICAS-40TH FLOOR
NEW YORK, NEW YORK 10036-8718

(212) 382-1700

AVROM R. VANN, P.C.*

FACSIMILE NO. (212) 661-6976

*MEMBER NEW YORK
AND NEW JERSEY BARS

July 25, 2019

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:   DJ Direct Inc. v. Rubie's Costume Company Inc.
           Civil Action Number: 18-cv-07445-BMC

Dear Judge Cogan:

    I respond to the letter application of counsel for DJ Direct Inc. dated July 18, 2019 [ECF 34] seeking various relief with respect to discovery issues.

    Initially, I advise the Court that responses to the Interrogatories and Demand for Document Production have been served today and copies thereof are annexed to this letter as Exhibits "1" and "2". I respectfully refer the Court to the Affidavit of the Additional Counterclaim Defendant, Joel Friedman ("Friedman"), which is annexed to the Responses to Interrogatories, which sets forth material facts and circumstances pertaining to his employment with DJ Direct and the Additional Counterclaim Defendant, Joel Jacobowitz ("Jacobowitz").

    Briefly stated, Jacobowitz sought Friedman's cooperation in seeking to deal with the claims of Defendant, Rubie's Costume Company, Inc. ("Rubie's"), with respect to their alleged violation of proprietary rights. Counsel for DJ Direct, Steven Stern, Esquire ("Stern") was an active participant in the calculated steps taken by Jacobowitz to portray Friedman as the sole person responsible for the sourcing and purchase of the alleged infringing product. As Friedman's Affidavit explains, Friedman sought to accommodate Jacobowitz, and accordingly at Joel Jacobowitz's request, Friedman turned over all of the records and documents to Rubie's which were pertinent to the issues which had arisen and Friedman signed a Declaration assuming responsibility for the purchase of the products which Rubie's considered to infringe upon their own proprietary rights. Furthermore, Stern, who was clearly aware of everything that was going on, prepared the

# AVROM R. VANN, P.C.

very Declaration which Friedman signed and which Jacobowitz wanted for use in preserving his relationship with Amazon.com.

Although Friedman expected that Stern would represent him were he sued by Rubie's, when the action was commenced, both stern and Jacobowitz refused to provide counsel for Friedman.

With respect to both the Interrogatories and the Document Production Demands, Friedman, as an employee of DJ Direct, working out of their offices, under their supervision and control, utilized their computer system which maintained all of the documents and records with respect to these transactions. As Friedman's affidavit explains he requested access to the computer system but was denied access by Jacobowitz. Friedman did not maintain and does not have any records independent of the DJ Direct computer system with respect to the sourcing, purchase, receipt and sale of the alleged infringing products. Accordingly, as his Affidavit explains, Friedman sought access from Jacobowitz to the DJ Direct computer system to obtain these documents but was refused. I also sent an email to counsel for DJ Direct seeking access on behalf of Friedman and was likewise refused. See Exhibit "3" annexed hereto which contains a copy of an email which I sent to Richard S. Schurin, Esquire requesting access to the computer system. Mr. Schurin's response to my email, annexed hereto as part of Exhibit "3", was that since the documents are not in my client's possession, custody or control that must be indicated in the response to the discovery demands which could also state where the documents reside.

Accordingly, Friedman has responded to the request for Interrogatories and the request for document production, copies of which are annexed to this letter as exhibits. As the Court will see, with the exception of documents pertaining to Friedman's independent corporation, Friedman lacks any documents responsive to the discovery demands, a fact which was clearly known to Jacobowitz and his counsel when the discovery demands were served. Friedman never objected and does not object to any of the Interrogatories or document production request. He simply has scant information available to him since all of the records were maintained and presumably are maintained at this time on the DJ Direct computer system.

I think the Court will recognize that the refusal of DJ Direct to give Friedman access to the computer system is merely a defensive and strategic litigation tactic and has no rational basis in fact or law. Moreover, I note that Mr. Schurin in his response did not deny the statement in my email to him that the "documents are available only on the DJ Direct computer system, which is the only place where those documents were kept, which includes emails, orders, etc.. and are not otherwise available to [Friedman]. While I am not a technical expert on computers, it is my general understanding that access can be

# AVROM R. VANN, P.C.

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
July 25, 2019

Page: 3

made available and limited so that the person receiving access may access on documents and information covered by the access.

With respect to DJ Direct's reliance upon Paralikas v. Merced Benz, LLC, 2008 U.S. Dist. LEXIS 1929 (E.D.N.Y. 2008), I note that Friedman does not now seek nor has he ever sought to contend that any of the document production demands or interrogatories required any type of a protective Order. As explained, these documents are all in the sole possession, custody and control of DJ Direct and Friedman does not have documents with minor exception to produce and has responded to the Interrogatories fully to the extent of his knowledge.

Finally, with respect to the request for reasonable costs in pursuing the matter, while I submit that as a sole practitioner and Friedman as a former employee being badgered, under the facts of this case no cost are warranted and the request for costs should be denied. Were the Court in its discretion to award any costs, I submit that costs should not exceed Three Hundred Dollars ($300.00) as granted in the Paralikas case in which the offending conduct was much more egregious than the delay in responding of Friedman in this case.

Respectfully submitted,

AVROM R. VANN, P.C.

By: _____
Avrom R. Vann, Esquire

ARV: dat
CC: Richard S. Schurin, Esquire
VIA ECF

J:\FRIEDMAN, YOEL\RUBIE'S COSTUME COMPANY\Cogan_Honorable Brian M. Letter in Response to Stern's Letter 2019-07-25.wpd